United States District Court
For The District of Columbia

Donnell Hurt, D.C.D.C. #191-788
CTF      Plaintiff,
         1901 E St. SE
         Washington, DC 20003
         v.

District of Columbia
Court Services and Offender
Supervision Agency;
Mr. Keith Cromer, Community
Supervision Officer;
Ms. Marie Asike, Supervisory Community
Supervision Officer; et. al.,
         Defendants.

FILED
JUN 27 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Case: 1:07-cv-01167
Assigned To : Walton, Reggie B.
Assign. Date : 06/29/2007
Description: PRO SE GEN. CIVIL

## Civil Complaint Under U.S.C. 42 Section 1983

Comes Now plaintiff pro se, Donnell Hurt, files this civil action under 42 U.S.C. Section 1983 against the Defendants for violation of his civil rights encoded under the United States Constitution. Therefore plaintiff seeks monetary damages for his sufferings caused by the Defendants.

## BACKGROUND

On December 30th 2005, plaintiff was reparoled and placed under the supervision of the District of Columbia Court Services and Offender Supervision Agency. Mr. Keith Cromer, employee of the District of Columbia Court Services and Offender Supervision Agency (CSOSA), was assigned as plaintiff Community Supervision Officer. As part of plaintiff conditions of release, plaintiff was required to report to Mr. Cromer on a weekly basis at 2850 South Capital Street in S.E. Washington DC. Plaintiff was released on parole for offenses committed in 1982.

## Statement of Case

During the month of June 2006, plaintiff met a lady named Laurel Hope who became intimate with plaintiff and in a relationship with plaintiff. After a month of dating, plaintiff was asked by Laurel to move in with her in her apartment at 332 18th Place N.E. Washington D.C. Prior to that, plaintiff had rented a room at a Transitional House.

1

Plaintiff had informed his Community Supervision Officer Mr. Cromer of his new address, as required by the Conditions of Release. During the ending of July or beginning month of August 2006, Mr. Cromer made a visit to plaintiff new place of residence as confirmation of plaintiff's new address. Upon Mr. Cromer's visit, he stated to plaintiff that he needed to speak to Ms. Laurel Hope, alone. After talking with Ms. Hope alone in the bedroom, Mr. Cromer then left the apartment.

However, plaintiff had learned from Ms. Hope that Mr. Comer had revealed to her that plaintiff had spent time in prison for murder. Plaintiff was devastated and upset to learne that Mr. Cromer had revealed personal information to his girlfriend without his permission or approval. At plaintiff next scheduled appointment with Mr. Cromer, plaintiff had asked Mr. Cromer why he leaked personal information about his past criminal history to his girlfriend, Ms. Hope? Mr. Cromer stated that he was authorized to revealed personal information about plaintiff to his girlfriend. However, plaintiff relationship with Ms. Hope had ended after Mr. Cromer revealed plaintiff's personal information to her. Plaintiff became homeless until his arrest on October 26, 2006, after a request of a warrant by Mr. Cromer on September 14, 2006.

On September 2, 2006, plaintiff was arrested by D.C. Metropolitan police for UUV. On September 1st 2006, plaintiff while visiting his brother Michael Hurt at his apartment in NW Washington D.C., met an individual name Craig Ricketts who rented to plaintiff a pick-up truck after signing a written affidavit and witness signature by Michael Hurt. The written affidavit is dated September 1st 2006. Plaintiff had went before a Judge in the Superior Court of the District of Columbia on September 4, 2006, after his arrest on September 2, 2006. However, the case was NO PAPERED; the District Attorney office for the District of Columbia had decided against charging plaintiff with any criminal violation. Plaintiff was released from the Court Room on September 4, 2006.

3.

Plaintiff, in accordance with the Conditions of Release, had made Mr. Cromer aware of the new arrest, present a copy of the NO PAPERED indicating plaintiff was never charge for the offense of UUV in a court of law, and presented a copy of the written affidavit agreement signed by Craig Ricketts and Michael Hurt.

On September 14, 2006, unbeknownst to plaintiff, Mr. Cromer had submitted a Violation Report to the U.S. Parole Commission requesting a warrant. The Violation Report is marred, contains misinformation and erroneous information. Specifically, the Violation Report states, "The offender does not have any special conditions". In ALLEGATION NO. #1 which states: "Mr. Clark failed to report for drug testing on 8/16/06 and 8/28/06."

In ALLEGATION NO. #2 which states: "Mr. Hurt failed to obey all laws on September 12, 2006 as evident by the police report." And ALLEGATION NO #3 states the following: "Tested positive for opiates on 8/30/06 as evident by SMART GCMS."

Mr. Cromer's Case Summary section of the Violation Report also contains erroneous information that [plaintiff] was oriented to the conditions of PF Supervised Released; That "Mr Hurt was arrested on September 12, 2006 for UUV and was released on his PERSONAL RECOGNIZANCE. At this point Mr. Hurt has not contacted this officer nor has he reported for supervision."

Based on this misinformation and erroneous information which were submitted to the U.S. Parole Commission, a warrant was logged against plaintiff. Prior to plaintiff arrest on October 26, 2006, he was continuously in contact with Mr. Cromer, either by phone or by meetings at his office. The Violation Report was approved by Mr. Cromer's supervisor, Marie Asike.

STATEMENT OF CLAIM

Plaintiff claims that the actions of Mr. Cromer, as described in this civil complaint, and the actions of Ms. Asike who had approved the Violation Report for submission to the United States Parole Commission, violated plaintiff Right to privacy; Right to procedural due process; Right to be unreasonably search and seized, and Right to be free of cruel and

4.

unusual punishment. Wherefore, plaintiff seeks punitive and compensatory damages in the amount of $10,000,000.

### Plaintiff Demands A Trial By Jury.

### First Cause of Action

Plaintiff, who is a parolee released on parole and not supervised release prior to his current arrest, contends that his right to privacy under the Federal Privacy Act of 1974 and his right to be free from cruel and unusual punishment were violated when Mr. Cromer visited plaintiff at his place of residence at 332 18th Place NE in Washington DC and revealed personal/private information about his criminal past to his woman Ms. Laurel Hope with whom plaintiff was living. Mr. Cromer's actions caused great psychological suffering and mental anguish to plaintiff and devastated his relationship with Ms. Hope which end as a result Mr. Cromer's actions. Plaintiff still continue to suffer mentally by Mr. Cromer's revealing of personal information of plaintiff without prior permission and approval.

### Second Cause of Action

Mr. Cromer's report erroneously states that plaintiff had no special conditions when he was reparoled on December 30th 2005, contrary to plaintiff's Certificate of Parole submitted by the U.S. Parole Commission which clearly states "Special Conditions" which essentially says (paraphrasing) that plaintiff "shall be placed in a drug aftercare program either as an inpatient or an outpatient if he reverts back to drug use. This program is for the treatment of narcotic addiction or drug dependency." On August 30th 2006, plaintiff had given a urine specimen that tested positive for opiates yet plaintiff received no inpatient or outpatient program, contrary to the requirements encoded in the Special Conditions. Plaintiff contends that Mr. Cromer submitted a violation report to the U.S. Parole Commission requesting a warrant for plaintiff arrest. However, this violation report contains erroneous information which form the basis for an unreasonable search and seizure of plaintiff's person;

5.

violated plaintiff Right to procedural due process; and Right to be Free From cruel and unusual punishment. MR. CROMER'S Report Dated September 14, 2006, erroneously states in the ALLEGATION NO#1: "MR. CLARK (not MR. Hurt) Failed to Report For Drug testing on 8/16/06 and 8/28/06." In ALLEGATION NO#2: "MR. Hurt Failed to obey all laws on September 12, 2006." Not September 2, 2006, when plaintiff was arrested but was not charged with violation of any laws. Contrary to MR. CROMER'S Report which erroneously states, "MR. Hurt was arrested on September 12, 2006 For UUV and was released on PERSONAL RECOGNIZANCE." This statement suggests that plaintiff was charged in a Court of Law and released on personal bond. This erroneous information and others were sent to the U.S. Parole Commission by MR. CROMER with the approval of Ms. MARIE ASIKE, Supervisor of MR. CROMER, to Request a warrant For plaintiff arrest. On October 26, 2006, plaintiff was arrested and has remained in confinement ever since.

### Parties

1. Ms. MARIE ASIKE, Supervisor of MR. CROMER is responsible For the approving the violation Report and warrant Request, is being sued in her individual and official capacity. Her office is located at: 3850 South Capital Street S.E. Washington DC 20032.

2. MR. Keith CROMER, Community Supervision Officer is being sued in his individual and official capacity, He is responsible with working with plaintiff while he was released on parole.

### Declaration

Plaintiff declares under penalty of perjury that the above information is true and correct to the best of his knowledge and belief.

This 13th Day of MAY, 2007.

Respectfully Submitted,
Donnell Hurt
1901 E St. S.E.
Washington DC
20003

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

07-1167
RBW

## I (a) PLAINTIFFS
DONNELL HURT

## DEFENDANTS
DISTRICT OF COLUMBIA AND OFFENDER SUPERVISION AGENCY, et al.,

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Donnell Hurt, DCDC 191-788    Pro Se PR
1901 E Street SE
Washington, DC  20003

Case: 1:07-cv-01167
Assigned To : Walton, Reggie B.
Assign. Date : 06/29/2007
Description: PRO SE GEN. CIVIL

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ● **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☒ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C. 1983

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 10,000,000   Check YES only if demanded in complaint
JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.