UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DONNELL HURT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-1167 (RBW) |
| | ) |
| **DISTRICT OF COLUMBIA COURT** | ) |
| **SERVICES AND OFFENDER** | ) |
| **SUPERVISION AGENCY** *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff moves for the appointment of counsel to represent him in this civil rights action. Plaintiffs in civil cases generally do not have a constitutional or statutory right to counsel. *See Willis v. F.B.I.*, 274 F.3d 531, 532-33 (D.C. Cir. 2001); *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). If a plaintiff is proceeding *in forma pauperis*, the court is authorized to appoint counsel under 28 U.S.C. § 1915(e)(1), but is not obliged to do so unless the plaintiff demonstrates such exceptional circumstances exist that the denial of counsel would result in fundamental unfairness. *See Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986). "Whether exceptional circumstances exist requires an evaluation of the type and complexity of each case, and the abilities of the individual bringing it." *Id*.

The Court has considered the potential merits of the claim, the complexity of the legal and factual issues involved, plaintiff's *pro se* representation thus far, and the degree to which the interests of justice will be served by appointment of counsel, including the benefit the court may derive from the assistance of the appointed counsel. *See* Local Civil Rule 83.11(b)(3). The Court

has also taken into consideration the very limited *pro bono* resources available to it. After carefully reviewing and weighing these factors, the Court concludes that the appointment of counsel is not warranted at this time. Accordingly, it is hereby

**ORDERED** that plaintiff's motion for appointment of counsel [Dkt. No. 8] is **DENIED** without prejudice.

_____s/_____
Reggie B. Walton
United States District Judge

Date: March 28, 2008