## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Donnell Hurt,
     Plaintiff,
v.

DC COURT SERVICES AND OFFENDER
SUPERVISON AGENCY et al.
     Defendants

Civil Action: #07-1167
(RBW)

## MOTION IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

*Comes now, pro se, plaintiff Donnell Hurt* respectfully files this motion in support of his motions for summary judgment.

On October 26, 2006 the plaintiff was arrested on a warrant requested by employees of the DC Court Services and Offender Supervision Agency.

On October 26, 2006, the plaintiff was taken the DC Jail and held in confinements until July 18, 2007. After receiving a parole revocation hearing on July 2, 2007 in which the plaintiff was reinstated on parole.

Plaintiff began the filing of a civil complaint under USC 42 section 1983 when he was held in confinement. The responsibility of delivering copies of the summons and complaint to the appropriate defendants is with the US Marshall Service.

Plaintiff was allowed by this honorable court to proceed with the filing of a civil complaint without prepayment of the cost of the filing fees. Accordingly, all named defendant in the complaint were served copies of the summons and complaint. (See docket sheet)

## MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT

The National Capitol Revitalization and Self Government Improvement Act of 1997 was established by an executive order and placed under the District of Columbia Law as the "Revitalization Act."

The Revitalization Act allows some agencies of the DC government to be under the operation of the federal authority. However, the District of Columbia's Court Services and Offender Supervision Agency was established by the revitalization act as a separate entity or an independent executive branch agency and not as an agency of the federal government. Thus, any employee of the DC Court Services and Offender Supervision Agency is not exclusively a federal employee. The defendants in the complaint of the plaintiff are employees of Court Services and Offender Supervision Agency of the District of Columbia and not the federal government, since the agency was established by the Revitalization Act—DC law, but an independent agency.

Under Summary Judgment Rule 56(a): a party claiming relief may move, with or without supporting affidavits, for summary judgment on all parts of the claim. The motion may be filed at any time after 20-days have past from the commencement of the action. Plaintiff filed this civil action in May 2007—not 20-days ago. The defendant was well aware of the plaintiff complaint.

Under summary judgment rule 56(e)(2): when a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegation or denials in it own pleading, rather, it response must, by affidavit or as otherwise provided in the rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

## Certificate of Service

I Donnell Hurt hereby certify that a copy or copies of this motion were mailed postage prepaid to:

Court Services and Offender Supervision Agency of the District of Columbia at 300 Indiana Ave NW, Washington DC 20001

Marie Asike, 3850 South Capitol St. SE, Washington DC 20032
Keith Cromer, 3850 South Capitol St. SE, Washington DC 20032

This 26 Day of MAY, 2008

Respectfully Submitted,

Donnell Hurt

Donnell Hurt
4415 Jay St, NE
Washington, DC 20019

This 26 Day of MAY, 20008

3.