UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DONNELL HURT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1167 (RBW) |
| | ) | |
| DISTRICT OF COLUMBIA COURT SERVICES AND OFFENDER SUPERVISION AGENCY *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

In this civil action brought *pro se*, the plaintiff alleges that his parole officer violated his rights under the Constitution and the Privacy Act, 5 U.S.C. § 552a (2000), when he informed the plaintiff's girlfriend that he had served time for murder and based a request for a parole violator warrant on erroneous information. The plaintiff sues Community Supervision Officer ("CSO") Keith Cromer and his supervisor, CSO Marie Asike, in their official and individual capacities for $10 million in damages.[1] Complaint ("Compl.") at 4, 5. The defendants move to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or alternatively for summary judgment pursuant to Rule 56. Upon consideration of the parties' submissions and the entire record, the Court will grant in part and deny in part the defendants' motion to dismiss.

---

[1] By Order of September 17, 2008, the Court granted the plaintiff's motion to voluntarily dismiss the complaint against the defendants' employer, the Court Services and Offender Supervision Agency for the District of Columbia.

## I. BACKGROUND

The plaintiff was convicted in the Superior Court of the District of Columbia for murder in the second degree while armed, grand larceny and petit larceny, and was sentenced on May 19, 1983, to 15 to 45 years' imprisonment. Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment ("Defs.' Mot."), Attachment ("Attach.") 1 & 2. On December 30, 2005, the United States Parole Commission ("USPC") released the plaintiff to parole with a full-term expiration date of July 1, 2039, *id.*, Attach. 6, under the supervision of the Court Services and Offender Supervision Agency for the District of Columbia ("CSOSA").

In June 2006, the plaintiff "met a lady" and later moved into her apartment in the District of Columbia. Compl. at 1. In July or August 2006, Cromer visited the plaintiff and spoke with his girlfriend alone. *Id.* at 2. Allegedly, the plaintiff later learned from the girlfriend that Cromer had told her that he had served time in prison for murder. *Id*. The relationship subsequently ended, and the plaintiff "became homeless." *Id*. On September 2, 2006, the Metropolitan Police Department arrested the plaintiff for unlawful use of a motor vehicle, but he was released on September 4, 2006, after the United States Attorney declined to prosecute the case. *Id.*; Defs.' Mot., Attach. 13 at 3.

On September 14, 2006, Cromer prepared a parole violation report based on the plaintiff's alleged violations of three conditions of his parole-failure to report to his parole officer, failure to obey all laws and the illegal use of a narcotic drug-and recommended that the USPC issue an arrest warrant. Defs.' Mot., Attach. 7. Asike approved the report and recommendation. *Id.* at 3. The USPC then issued an arrest warrant, which was executed on October 26, 2006. Compl. at 3. The plaintiff initiated this civil action on June 29, 2007, while

confined at the District of Columbia Jail.  Following a parole revocation hearing at the D.C. Jail on July 2, 2007, the USPC found the plaintiff had committed the parole violations but nonetheless reinstated his parole.  Defs.' Mot., Attach. 13 (Notice of Action).

## II.  DISCUSSION

A court may dismiss a complaint on the ground that it fails to state a claim upon which relief can be granted if, assuming the alleged facts to be true and drawing all inferences in the plaintiff's favor, it appears that the plaintiff can prove no facts "consistent with the allegations in the complaint" to support the claim.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 563 (2007). The plaintiff claims that Cromer's disclosure of "personal/private information about his criminal past to his woman . . . caused great psychological suffering and mental anguish . . . and devastated his relationship with [her]."  Compl. at 4.  He also claims that Cromer's "violation report contain[ed] erroneous information which form[ed] the basis for an unreasonable search and seizure of plaintiff's person; violated [his] right to procedural due process; and [his] right to be free from cruel and unusual punishment."  *Id*. at 4-5.

Because the complaint is predicated on the alleged misuse and improper disclosure of information by a federal agency, the constitutional claims are foreclosed by the Privacy Act's "comprehensive remedial scheme[]."  *Wilson v. Libby*, 535 F.3d 697, 706 (D.C. Cir. 2008) (citing *Chung v. U.S. Dep't of Justice*, 333 F.3d 273, 274 (D.C. Cir. 2003) (other citations omitted); *cf. id*. at 707 ("[E]ach Constitutional claim, whether pled in terms of privacy, property, due process, or the First Amendment, is a claim alleging damages from the improper disclosure of information covered by the Privacy Act.").  The defendants correctly argue, then, that the plaintiff fails to state a Privacy Act claim against them because the Act authorizes lawsuits

3

against federal agencies only, *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006), and the official-capacity lawsuit is in effect against the United States. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Mason v. Judges of U.S. Court of Appeals for District of Columbia Circuit in Regular Active Service Acting in Their Official Capacities*, 952 F.2d 423, 425 (D.C. Cir. 1991). Because CSOSA is a federal agency, Defs.' Statement of Material Facts ¶ 2, the Court, pursuant to Fed. R. Civ. P. 17(a)(3), substitutes CSOSA as the real party in interest to the Privacy Act claim.

The Privacy Act requires federal agencies to maintain records used in making determinations "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination [of matters concerning the individual]. . . ." 5 U.S.C. § 552a(e)(5). Section 552a(d) of the Privacy Act allows individuals access to agency records about themselves and to request the amendment of records "they believe to be inaccurate, irrelevant, untimely, or incomplete." *Doe v. Federal Bureau of Investigation*, 936 F.2d 1346, 1350 (D.C. Cir. 1991). The Privacy Act also prohibits a federal agency from disclosing "any record . . . contained in a system of records by any means of communication to any person" without the subject's permission, save exceptions listed therein. 5 U.S.C. § 552a(b).

Subsections (g)(1)(A) and (C) of the Act authorize civil actions to enforce the amendment and accuracy requirements, and subsection (g)(1)(D) authorizes civil remedies against an agency that "fails to comply with any other provision of this section[.]." In addition, subsection (g)(4) of the Act provides for monetary damages, costs and attorneys' fees where the agency is shown to have acted intentionally or willfully. *See Doe*, 936 F.2d at 1350; *accord Deters v. U.S. Parole Comm'n*, 85 F.3d 655, 660-61 (D.C. Cir. 1996); *Sellers v. Bureau of Prisons*, 959 F.2d 307, 310-12 (D.C. Cir. 1992). Thus, an agency may be liable for "actual damages sustained by the

individual as a result of the refusal or failure" to maintain accurate records and "consequently a determination is made which is adverse to the individual[,]" 5 U.S.C. § 552a(g)(1)(C) and (g)(4)(A), and where the agency has failed to comply with any other provision "in such a way as to have an adverse effect on an individual," § 552a(g)(1)(D).

The Privacy Act authorizes law enforcement agencies to exempt "any system of records within the agency" from certain provisions of the Privacy Act, including subsection(g). 5 U.S.C. § 522a (j)(2). The defendant correctly argues that the plaintiff cannot recover monetary damages under the Privacy Act's accuracy and amendment provisions because CSOSA has exempted the record systems containing the challenged information from those provisions. *See* 28 C.F.R. § 802.28(a)(1) (exempting, *inter alia*, Supervision Offender Case Files from subsections (d), (e)(5) and (g)); *cf. Ramirez v. Dep't of Justice*, 594 F. Supp.2d 58, 65 (D.D.C. 2009) ("Having exempted its records from the substantive provision regarding the agency's recordkeeping obligations, [the Bureau of Prisons] effectively deprives litigants of a remedy for any harm caused by the agency's substandard recordkeeping."). Because the exemption applies only "to the extent that this system is exempt from the access and amendment provisions of subsection (d) pursuant to subsections (j)(2), (k)(1), and (k)(2) of the Privacy Act," 28 C.F.R. § 802.28(b)(2)(ix), the claim based on Cromer's alleged disclosure to the plaintiff's girlfriend that he had served time for murder is not precluded.

An improper disclosure claim depends on an agency's actual disclosure of information from a record contained in a system of records retrievable by an individual's name or some other personal identifier. *See Sussman v. U.S. Marshals Service*, 494 F.3d 1106, 1123 (D.C. Cir. 2007) (interpreting "§ 552a(g)(1)(D) to permit claims predicated on § 552a(b) violations only by a

person whose records are actually disclosed"); *Krieger v. U.S. Dep't of Justice*, 529 F. Supp.2d 29, 47 (D.D.C. 2008) ("[L]iability for nonconsensual disclosures is limited by the rule of retrieval, which requires that the information disclosed be directly or indirectly retrieved from a system of records.") (citation and internal quotation marks omitted).  If, for example, "an official discloses information that exists in the agency's records, the disclosure is rarely actionable unless the official physically retrieved the information from those records.  If the official's knowledge of the disclosed information derives from sources that are not protected 'records,' then the disclosure rarely implicates the Privacy Act." *Mulhern v. Gates*, 525 F. Supp.2d 174, 182 (D.D.C. 2007) (citation omitted).  Moreover, an agency is not liable under the Privacy Act for a disclosure that falls under one of the "statutorily delineated exceptions." *Id.* at 182 & n.11 (citing 5 U.S.C. § 552a(b)(1)-(12)).  Because neither party has specifically addressed these aspects of the plaintiff's claim, the Court is without sufficient facts to determine the propriety of the alleged disclosure.  It therefore will deny the defendants' motion to the extent that it seeks to dismiss the claim based on an improper disclosure, without prejudice to reconsideration following the parties' briefing of the issue.

### III.  CONCLUSION

For the foregoing reasons, the defendants' Rule 12(b)(6) motion to dismiss is granted in part and denied in part.[2]

```
                                        _____s/_____
                                        Reggie B. Walton
Date: May 5, 2009                       United States District Judge
```

---

[2]  A separate Order accompanies this Memorandum Opinion.