UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **DONNELL HURT,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Civil Action No. 07-1167 (RBW) |
| **DISTRICT OF COLUMBIA COURT SERVICES AND OFFENDER SUPERVISION AGENCY** *et al.*, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

Defendant Court Services and Offender Supervision Agency for the District of Columbia ("CSOSA") moves for partial reconsideration of the Order of May 5, 2009, granting in part and denying in part its motion to dismiss this case brought under the Privacy Act, 5 U.S.C. § 552a (2000). Finding the need to correct a clear error, the Court will grant the motion, vacate the Order in part and dismiss this case.

Motions for reconsideration are committed to the sound discretion of the trial court and may be granted upon a showing of "an intervening change in controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). CSOSA asserts that the Court erroneously determined that the plaintiff could maintain a damages claim predicated on the Privacy Act's improper disclosure provision, 5 U.S.C. § 552a(b). *See* Memorandum Opinion ("Mem. Op.") of May 5, 2009 at 5 (finding exemption of Supervision Offender Case Files from certain Privacy Act requirements inapplicable to the improper disclosure provision). As the defendant correctly

argues, the Court based that determination on 28 C.F.R. § 802.28(b)(1)-exempting Office of Professional Responsibility ("OPR") records-when it should have applied § 802.28(a)(1)-exempting Supervision Offender Case Files. *See* Mem. Op. at 5 (discussing exempted record systems).

Unlike subsection (b), which exempts OPR records from the Privacy Act's damages provision (subsection (g)) "to the extent that [they are] exempt from the access and amendment provisions of subsection (d)[,]" 28 C.F.R. § 802.28(b)(2)(ix), subsection (a) has no such restriction. The plaintiff therefore cannot recover monetary damages for an improper disclosure because CSOSA has wholly exempted the Supervision Offender Case Files from subsection (g). *See* Mem. Op. at 5 (citing 28 C.F.R. § 802.28(a)(1)). As to the remaining improper disclosure claim, then, the Court finds that the plaintiff fails to state a claim upon which relief can be granted.[1]

        _____s/_____
        Reggie B. Walton
Date: June 8, 2009        United States District Judge

---

[1] A final order accompanies this Memorandum Opinion.